[Sac. No. 4970. In Bank.—August 28, 1936.]

J. N. LENTELL, Respondent, v. WILLIAM A. McBRIDE et al., Appellants.

264

Puter & Quinn for Appellants.

Mahan & Mahan for Respondent.

WASTE, C. J.—Defendants appeal from a judgment quieting plaintiff's title and directing restitution of certain lands. The cause presents a boundary line dispute and the record consists principally of evidence of a technical character having to do with land patents, government field notes, surveys and testimony interpreting and explaining the same. At the conclusion of the trial the court below found that there is no overlapping of the lands of the respective parties and that the disputed boundary line between sections 8 and 9 and between sections 16 and 17 in township 3 north of range 4 east, Humboldt meridian, is located in the position as established in the survey relied upon by the plaintiff and that the land described in plaintiff's complaint lies east of and adjoining said line as so established while that portion of defendants' land described in their amended answer lies west of the line so established. We have examined the entire record, including the exhibits, and are of the opinion that there is ample evidence to sustain the findings and judgment. As declared in our recent decision in *Hildebrand* v. *Hall, ante,* p. 162 [59 Pac. (2d) 988], also involving a boundary dispute, the "responsibility of weighing the evidence and arriving at a satisfactory conclusion in the matter" rests upon the trial court. We are not disposed to interfere with its determination.

Our examination of the record has failed to disclose, and defendants' briefs on appeal have not pointed

out, anything that would warrant the application of the doctrines of laches or estoppel as against the plaintiff. The findings thereon favorable to plaintiff also find support in the record.

The determination of the controversy between plaintiff and defendants does not require the bringing in of defendants' grantor or any other person as a necessary party. Said grantor, though a resident of the county, at no time sought to intervene in the action, nor did his wife who was called as a witness upon the trial. Moreover, defendants' suggestion that he is a necessary party was apparently first made after the decision of the court below by means of objections to the proposed findings.

The judgment is affirmed.

Seawell, J., Curtis, J., Langdon, J., and Shenk, J., concurred.

Rehearing denied.